**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ROBERT CLINKENBEARD,

                                    Civil No. 23-3151 (JRT/LIB)

                Petitioner,

v.

                           **ORDER DENYING PLAINTIFF'S MOTION**

MARK KING,                   **TO PROCEED *IN FORMA PAUPERIS* ON**
*Warden*,                              **APPEAL**

                Respondent.

---

Robert Clinkenbeard, Reg. No. 17633-029, Sandstone Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072, *pro se* Petitioner.

Ana H. Voss and Emily M. Peterson, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.


Petitioner Robert Clinkenbeard is currently serving a 97-month sentence at the Sandstone Federal Correctional Institution after pleading guilty to possession of a firearm by a felon and a person convicted of domestic violence, distribution of a controlled substance, and use of a firearm during and in relation to a drug trafficking crime. (Decl. Matthew Apple ¶¶ 2–3, Ex. A, Feb. 2, 2024, Docket No. 16.) Clinkenbeard filed a habeas petition under 28 U.S.C. § 2241 to challenge the Bureau of Prison's ("BOP") determination that he is ineligible to earn First Step Act time credits ("FTCs"). (Petition for Writ of Habeas Corpus at 6–7, Oct. 11, 2023, Docket No. 1.) Before the Court issued any ruling on the merits, Clinkenbeard filed a notice of interlocutory appeal to the Eighth Circuit on the

following question: "Did the District Court grant the strongest possible legal argument to the facts presented in the petition; and do so in the record?"  (Notice of Interlocutory Appeal at 1, Feb. 20, 2024, Docket No. 20.)  He now seeks to proceed in forma pauperis ("IFP") on appeal.  (Appl. to Proceed IFP on Appeal, Mar. 4, 2024, Docket No. 23.)[1]  But the Court cannot grant a motion to proceed IFP on appeal when the appeal is frivolous and not taken in good faith.  Because the Court has not yet ruled on Clinkenbeard's petition, as of now there is no order to appeal, making his appeal frivolous and not taken in good faith.  As such, the Court will deny Clinkenbeard's application to proceed IFP on appeal.

To be excused from paying the filing fee for an appeal in a federal case, a litigant may apply for IFP status under 28 U.S.C. § 1915.  In doing so, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, the Court will deny IFP status if the appeal is not taken in good faith.  *Id*. § 1915(a)(3).  In this context, good faith is determined by an objective standard, not by the appellant's subjective point of view.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous.

---

[1] Clinkenbeard's application to proceed IFP on appeal is titled an application to proceed IFP in district court.  However, the Court liberally construes his request to be an application to proceed IFP on appeal under 28 U.S.C. § 1915.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (internal quotation marks omitted).

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An appeal is frivolous where "none of the legal points are arguable on their merits."  *Id.* (cleaned up).

Clinkenbeard's interlocutory appeal essentially challenges whether the Court properly considered his habeas petition.  But because the Court has not yet ruled on Clinkenbeard's habeas petition, his appeal is premature.  There is no order from this Court on the habeas petition for Clinkenbeard to challenge on appeal, making his appeal frivolous because it cannot be argued on its merits.  Accordingly, the Court will deny Clinkenbeard's application to proceed IFP on appeal.  At this point, because the appeal, though frivolous, is still pending, the Court is divested of jurisdiction in the case and cannot resolve any underlying motions until the case is remanded from the Eighth Circuit.[2]

---

[2] The Court acknowledges Clinkenbeard's pending Motion to Supplement Reply Brief. (Mot. to Suppl. Reply Br., Feb. 16, 2024, Docket No. 19.)  Generally, a notice of appeal divests the district court of jurisdiction over matters on appeal.  *State ex. rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999).  Because Clinkenbeard has appealed to the Eighth Circuit, the Court lacks jurisdiction to consider other aspects of the case while the appeal is pending.  As a result, the Court will defer judgment on the Motion to Supplement Reply Brief until the appeal has concluded.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Application to Proceed In Forma Pauperis on Appeal [Docket No. 23] is **DENIED**.


DATED:  March 25, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-4-