UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Clinkenbeard,

               Petitioner,            Case No. 23-cv-3151 (JRT/LIB)

v.                                          **ORDER AND**
                                                 **REPORT AND RECOMMENDATION**

Mark King,

               Respondent.

Pursuant to a general referral made in accordance with 28 U.S.C. § 636 and Local Rule 72.1, this matter comes before the undersigned United States Magistrate Judge upon Petitioner Robert Clinkenbeard's Petition for a Writ of Habeas Corpus. [Docket No. 1]. Finding no hearing necessary, the Court issues the present Order and Report and Recommendation.[1]

For the reasons discussed herein, the Court recommends that Clinkenbeard's Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED**, and this action be **DISMISSED with prejudice**.[2]

**I.**      **Background**

Petitioner's present claims involve a challenge to the Bureau of Prisons' implementation of the First Step Act. The Court will therefore discuss the background of the First Step Act before discussing the relevant facts related specifically to Petitioner.

---

[1] Upon review of the present record, the Court finds that a hearing is unnecessary in this action because a hearing on the present Petition would not aid the Court in its consideration of the present Petition. See Wallace v. Lockhart, 701 F.2d 719, 730 (8th Cir. 1983) (observing that dismissal of a "habeas petition without a hearing is proper . . . where the allegations, even if true, fail to state a cognizable constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record").

[2] Petitioner has also filed a Motion to Supplement Reply Brief, [Docket No. 19], in which he seeks to assert additional arguments in support of his present claims. Petitioner's Motion to Supplement his Reply Brief, [Docket No. 19], is **GRANTED**. The Court has taken Petitioner's additional arguments into consideration.

**A. First Step Act**

On December 21, 2018, the First Step Act ("FSA") became law. See 18 U.S.C. § 3632. The FSA contains various carceral reforms, including the potential for certain federal inmates to earn "time credits" which can be applied toward time in prerelease custody or supervised release. See Id. As relevant to the present action, the FSA provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate described by statute. 18 U.S.C. § 3632(d)(4)(A). Pursuant to "subparagraph (D)," "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under," among other things, "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D). Congress gave the authority to develop and administer the FSA to the Attorney General and the BOP, and Congress charged the Attorney General with the development of a risk and needs assessment system, through which eligible inmates may earn FSA time credits. See 18 U.S.C. § 3632(a).

The risk and needs assessment system developed by the Attorney General is referred to as the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN). 18 U.S.C. § 3632(a). This system is used by the BOP to determine an eligible inmate's recidivism risk; classify each inmate as having minimum, low, medium, or high risk of recidivism; and determine the appropriate type of evidence-based recidivism reduction programming or productive activities appropriate for said inmate. 18 U.S.C. § 3632(a). An inmate's PATTERN score assessment is to be "periodically" reassessed. 18 U.S.C. § 3632(a)(5).

**B. Factual Background**

On October 10, 2018, Petitioner pled guilty to one count of possession of a firearm by a felon and a person convicted of domestic violence in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2) (Count 1); one count of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 4); and one count of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). United States v. Clinkenbeard, No. 5:18-cr-4064 (LTS/KEM) (1), Order Accepting Guilty Plea [Docket No. 17] (N.D. Iowa Oct. 10, 2018).³

On March 25, 2019, Petitioner was collectively sentence to a 97-month term of imprisonment for all three Counts. On Count 1, Petitioner was sentenced to a 37-month term of imprisonment, and on Count 4, Petitioner was sentenced to a 37-month term of imprisonment. United States v. Clinkenbeard, No. 5:18-cr-4064 (LTS/KEM) (1), Judgment in a Criminal Case [Docket No. 36] (N.D. Iowa Mar. 26, 2019). Petitioner's imposed terms of imprisonment on Count 1 and Count 4 were to be served concurrently. (Id.). Petitioner was also sentenced to a 60-month term of imprisonment on Count 5, to be served consecutively to his terms of imprisonment imposed on Count 1 and Count 4. (Id.).

Upon his sentencing, Petitioner was remanded to the custody of the Bureau of Prisons ("BOP") to serve his term of imprisonment. See Id. At the time he initiated this action, Petitioner was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (See Pet. [Docket No. 1]).

Shortly after Petitioner began his term of incarceration, the BOP reviewed whether Petitioner was eligible to earn time credits pursuant to the FSA. (FSA Time Credit Assessment Form [Docket No. 16-3]). Since that initial assessment, the BOP has periodically reassessed

---
³ Count 2 and Count 3 of the Indictment were dismissed at Petitioner's sentencing hearing. See Id.

Petitioner's PATTERN score and his eligibility for the FSA. (See Id.). On each occasion, Petitioner was found to be ineligible to earn time credits under the FSA because of his conviction under § 924(c). (See FSA Time Credit Assessment Form [Docket No. 16-3]; see Apple Decl. [Docket No. 16] ¶ 5).

On October 11, 2023, Petitioner initiated the present action by filing his Petition. [Docket No. 1]. Through the present action, Petitioner seeks an Order of this Court instructing the BOP that Petitioner is eligible to earn FSA time credits under 18 U.S.C. § 3632(d)(4) because the length of Petitioner's sentence related to his conviction under 18 U.S.C. § 924(c) has now elapsed,[4] and thus, according to Petitioner, he is no longer serving a sentence for any conviction which renders him ineligible to accrue time credits under the FSA. (See Pet. [Docket No. 1]; Petitioner's Mem. [Docket No. 3]; Petitioner's Replies [Docket Nos. 18, 19]).[5] Put differently, Petitioner argues that his sentence (based on three separate convictions) should be treated as separate, serial sentences when the BOP considers his eligibility under the First Step Act.[6]

## II.   Discussion

The resolution of Petitioner's claim here is predicated on whether the phrase "serving a sentence for a conviction under any of the following provisions of law," as used in 18 U.S.C. § 3632(d)(4)(D), is clear on its face, or whether the phrase is ambiguous and permissibly subject to

---

[4] Petitioner's only conviction which presently renders him ineligible to accrue time credits under the FSA is his conviction under § 924(c).

[5] Petitioner does not challenge the BOP's ability to categorically exclude certain prisoners from earning FSA time credits, including prisoners who are serving a term of imprisonment for a conviction under 18 U.S.C. § 924(c). (See Pet. [Docket No. 1]; Petitioner's Mem. [Docket No. 3]; Petitioner's Replies [Docket Nos. 18, 19]). Instead, Petitioner argues that the BOP's interpretation of 18 U.S.C. 3632(d)(4) should not include him and other prisoners like him who are serving a term of imprisonment based on multiple convictions including a conviction predicated on a violation of 18 U.S.C. § 924(c) and who have served a term of imprisonment greater in length than the term of imprisonment imposed for the § 924(c) conviction. (See Pet. [Docket No. 1]; Petitioner's Mem. [Docket No. 3]; Petitioner's Replies [Docket Nos. 18, 19]).

[6] On the record now before the Court, it appears that Petitioner has at least attempted to fulfill his obligation to exhaust his administrative remedies on his claim, although he may have sent his administrative remedies forms to the incorrect individual or office. (See Pet. [Docket No. 1]). In any event, Respondent does not argue Petitioner's claim should be denied because of a failure to exhaust administrative remedies. (See Resp.'s Mem. [Docket No. 15]). Thus, the Court will consider the merits of Petitioner's claim.

4

the construction adopted and applied by the BOP. If § 3632(d)(4)(D) is clear on its face, then it must be applied by the BOP as written. See Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842–43 (1984). If § 3632(d)(4)(D) is ambiguous, "the question for the court is whether the" BOP's interpretation of § 3632(d)(4)(D) is a reasonable and "permissible construction of the statute." Id. at 843.

As observed above, the relevant statutory language provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate provided for by statute. 18 U.S.C. § 3632(d)(4)(A) (emphasis added). Pursuant to "subparagraph (D)," an ineligible prisoner is any prisoner who "is serving a sentence for a conviction under," among other provisions, "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D).

This Court previously considered and rejected a challenge similar to the one Petitioner raises here. Sok v. Eischen, No. 22-cv-458 (ECT/LIB), 2022 WL 17156797, at *2 (D. Minn. Oct. 26, 2022), report and recommendation adopted, 2022 WL 17128929 (D. Minn. Nov. 22, 2022), aff'd, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023). In Sok, the Court found 18 U.S.C. § 3632(d)(4)(D) to be ambiguous as applied to the petitioner there, but the Court further determined that the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D) was a reasonable and permissible construction of 18 U.S.C. § 3632(d)(4)(D). Sok, 2022 WL 17156797, at *2–6. Thus, the Court deferred to the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D). Sok, 2022 WL 17156797, at *6.

The circumstances of the present case are similar to but not precisely the same as the circumstances in Sok. In the present case, Petitioner was convicted of three separate counts in a single Indictment, and his sentence for all three counts was imposed in a single Judgment. See United States v. Clinkenbeard, No. 5:18-cr-4064 (LTS/KEM) (1), Judgment in a Criminal Case [Docket No. 36] (N.D. Iowa Mar. 26, 2019). However, in Sok, the petitioner was convicted of different counts in two separate Indictments, and his collective term of imprisonment thus resulted from two separate Judgments in two separate criminal cases. Sok, 2022 WL 17156797, at *1. The distinction is relevant to the consideration of whether the phrase "serving a sentence for a conviction under any of the following provisions of law," as used in 18 U.S.C. § 3632(d)(4)(D), is ambiguous.

Nevertheless, other Courts have applied Sok's rationale to petitioners who, like Petitioner here, are serving a sentence resulting from having been convicted of multiple charges within a single indictment. See, e.g., Rose v. Yates, No. 22-cv-214 (BSM/PSH), 2023 WL 3198298 (E.D. Ark. May 2, 2023), report and recommendation adopted, 2023 WL 3601186 (E.D. Ark. May 23, 2023); Walton v. Fikes, No. 22-cv-1998 (JWB/TNL), 2023 WL 6283298, at *2 (D. Minn. Aug. 10, 2023), report and recommendation adopted, 2023 WL 6282897 (D. Minn. Sept. 26, 2023); Foos v. Eischen, No. 22-cv-0398 (JWB/DJF), 2023 WL 2795860, at *4 (D. Minn. Mar. 14, 2023), report and recommendation adopted, 2023 WL 2795480 (D. Minn. Apr. 5, 2023).

Courts have also universally rejected each of the arguments Petitioner raises in the present case. See, e.g., Fiorito v. Fikes, No. 22-cv-749 (PJS/TNL), 2022 WL 16699472, at *8 (D. Minn. Nov. 3, 2022), aff'd, No. 23-1006, 2023 WL 4841966 (8th Cir. July 28, 2023); Sedlacek v. Rardin, No. 23-cv-11899, 2024 WL 965607, at *2 (E.D. Mich. Mar. 5, 2024) (collecting cases); Purdy v. LeJeune, No. 22-cv-2821 (JRT/ECW), 2023 WL 4561334, at *15 (D. Minn.

6

July 17, 2023), report and recommendation adopted, 2023 WL 5039748 (D. Minn. Aug. 8, 2023); Smith v. Eischen, No. 22-cv-1704 (NEB/DJF), 2023 WL 4203165, at *2 (D. Minn. June 27, 2023), aff'd, No. 23-2620, 2024 WL 1479767 (8th Cir. Apr. 5, 2024); Salazar v. Warden, No. 23-cv-39, 2023 WL 3254633, at *4 (E.D. Cal. May 4, 2023); Frommie v. Fed. Bureau of Prisons, No. 22-cv-4082 (LLP), 2022 WL 18399537, at *3 (D.S.D. Aug. 23, 2022), report and recommendation adopted, 2022 WL 18399536 (D.S.D. Nov. 30, 2022).

For all the reasons discussed herein, the undersigned finds persuasive the rationale of the foregoing cases (applying the rationale of Sok to petitioners serving a sentence resulting from multiple convictions within a single indictment). On the basis of this rationale and for all the reasons discussed herein, the undersigned concludes that Petitioner is not entitled to the relief sought because although § 3632(d)(4)(D) is ambiguous (even when applied to Petitioner who is serving a sentence resulting from multiple convictions within a single Indictment), the BOP's interpretation of § 3632(d)(4)(D) is a reasonable and permissible construction of the statute.

On its face, there is at least some ambiguity in 18 U.S.C. § 3632(d)(4)(D). Respondent concedes that there is at least some ambiguity in § 3632(d)(4)(D). (Response [Docket No. 15] at 8). As pertinent to the present circumstances, § 3632(d)(4)(D) is silent as to the eligibility of a prisoner who is serving a term of imprisonment for multiple convictions under different criminal statutes where only one of the underlying convictions would preclude the prisoner from accruing time credits. Consequently and more salient to the present case, § 3632(d)(4)(D) is likewise silent on the eligibility of a prisoner who, like Petitioner, is serving a term of imprisonment for multiple convictions under different criminal statutes where only one of the underlying convictions would preclude the prisoner from accruing time credits and who believes he has served a term of imprisonment greater in length than the sentence imposed for the ineligible

conviction. The terms of § 3632(d)(4)(D) "do not directly answer this question" and "[c]ontext does not clear things up" which leaves the Court "with an ambiguous provision." Voigt v. U.S. Env't Prot. Agency, 46 F.4th 895, 901 (8th Cir. 2022) (citing and parenthetically summarizing Sierra Club v. E.P.A., 557 F.3d 401, 406 (6th Cir. 2009)). There appears to be no provision in 18 U.S.C. § 3632(d)(4)(D) or the remainder of the First Step Act which speaks to this ambiguity or directs the BOP on how to proceed in these circumstances.

On this basis, the Court finds that the phrase "serving a sentence for a conviction under any of the following provisions of law," as used in § 3632(d)(4)(D), is ambiguous.

Petitioner unpersuasively argues that there is no ambiguity in § 3632(d)(4)(D) because the statute's use of "a sentence" in the singular demonstrates Congress's intent for the BOP "to consider one sentence at a time, not combined." (Petitioner's Brief [Docket No. 2] at 2). As an initial matter, Petitioner fails to cite to any authority in support of his assertions regarding Congress's intent. Moreover, other Courts have rejected this argument by reasoning that Congress, in drafting the FSA, used the phrase "a sentence" against the backdrop of other Congressional statutes which articulate how consecutive sentences were to be handled by the BOP. See, e.g., Walton, 2023 WL 6283298, at *2. Thus, the simple fact that § 3632(d)(4)(D) is potentially interpretable in these various manners does not support Petitioner's assertion in support of his argument that § 3632(d)(4)(D) lacks ambiguity; instead, the fact that the statute is open to various interpretations without the statute clarifying the intended interpretation demonstrates that there is ambiguity in § 3632(d)(4)(D).[7]

---

[7] Even if the Court were to conclude that there were no ambiguity in § 3632(d)(4)(D) because Congress intended "a sentence" to mean that a prisoner's collective term of imprisonment is a singular sentence, as Petitioner asserts, Petitioner would not be entitled to the relief sought because the singular "sentence" Petitioner would be serving would contain a conviction which renders him ineligible to receive FSA time credits. As one Court has observed, "[w]hen a defendant is sentenced, whether for one conviction or two or more, one speaks of the 'sentence' he received," and thus, "when the FSA speaks of serving 'a sentence for a conviction' it is entirely possible that

This does not, however, end the Court's analysis. The Court must now determine whether the BOP's interpretation of § 3632(d)(4)(D) is reasonable.

If a federal statute is ambiguous on its face and the federal agency responsible for the administration of that statute has adopted a reasonable interpretation of the statute, then the Court must accept the federal agency's interpretation. See, e.g., Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842–43 (1984); Voigt v. U.S. Env't Prot. Agency, 46 F.4th 895, 901 (8th Cir. 2022); Estrada–Rodriguez v. Lynch, 825 F.3d 397, 403–04 (8th Cir. 2016); In re Lyon Cnty. Landfill, Lynd, Mn., 406 F.3d 981, 983 (8th Cir. 2005). In making this reasonableness determination, the Court must "accord 'considerable weight' to an agency's construction, and only set it aside if it is 'arbitrary, capricious, or manifestly contrary to the statute.'" Estrada–Rodriguez v. Lynch, 825 F.3d 397, 403–04 (8th Cir. 2016) (quoting Chevron, 467 U.S. at 844). "The Court need not conclude that the agency construction was the only one it permissibly could have adopted to uphold the construction, or even the reading the court would have reached if the question initially had arisen in a judicial proceeding"; the question is whether the agency's construction is reasonable and permissible. Chevron, 467 U.S. at 843, n.11.

In the present case, the BOP, in determining the eligibility to earn time credits under the First Step Act for prisoners who are serving a term of imprisonment based on more than one underlying conviction, has interpreted 18 U.S.C. § 3632(d)(4)(D)'s exclusion of eligibility for prisoners "serving a sentence for" one of the enumerated convictions to include any prisoner whose underlying convictions includes one of the enumerated convictions—regardless of whether the underlying sentence also results from one or more separate criminal convictions.[8]

---

Congress contemplated a sentence imposed for multiple offenses in a single judgment." Frommie, 2022 WL 18399537, at *3.

[8] Importantly, this aggregation does not include a prisoner's prior or previous convictions which predate the prisoner's current term of imprisonment.

Put simply, the BOP aggregates all of the prisoner's multiple, current terms of imprisonment as a single, aggregate term of imprisonment. The BOP bases its interpretation of § 3632(d)(4)(D) on its statutory obligation to aggregate multiple terms of imprisonment "for administrative purposes as a single, aggregate term of imprisonment." See 18 U.S.C. § 3584(c).[9]

Petitioner also argues unpersuasively that the BOP's interpretation of § 3632(d)(4)(D) is not reasonable because he has a liberty interest in FSA time credits which "outweighs any alleged 'administrative purpose.'" (Petitioner's Brief [Docket No. 2] at 1–2). Petitioner's argument is unavailing because a liberty interest cannot be created by a statute which, like the FSA, only conditionally grants prisoners the opportunity to accrue credits possibly affecting the duration of said prisoners' confinement. See, e.g., Gant v. King, No. 23-cv-1766 (NEB/ECW), 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) (quoting Fiorito, 2022 WL 16699472, at *6).[10] Every Court to consider this issue has reached the same conclusion—prisoners do not have a liberty interest in earning, receiving, or applying FSA time credits. See, e.g., Fiorito, 2022 WL 16699472, at *8 ("The loss of an opportunity to earn FTCs is not a liberty interest protected by the Due Process Clause[.]"); Sedlacek, 2024 WL 965607, at *2 (collecting cases); Purdy, 2023 WL 4561334, at *15; Smith, 2023 WL 4203165, at *2; Salazar, 2023 WL 3254633, at *4; Gant,

---

[9] Thus, for the purposes of determining his eligibility to earn time credits under the FSA, the BOP has determined that Petitioner is presently serving an aggregated sentence pursuant to convictions for possession of a firearm by a felon and a person convicted of domestic violence in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2); distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C); and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

[10] The FSA is conditional in several ways. See 18 U.S.C. § 3632(d)(4). For example, the FSA makes an individual's ability to earn FSA time credits contingent on said individual not serving a sentence for a prohibited conviction and not being subject to a final order of removal under any provision of the immigration laws as defined by statute. See Id. §§ 3632(d)(4)(D); 3632(d)(4)(E). Similarly, the application of a prisoner's previously earned FSA time credits is conditional on when the number of credits is "equal to the remainder of the prisoner's imposed term of imprisonment." 18 U.S.C. § 3624(g). Moreover, even when a prisoner's number of previously earned credits is "equal to the remainder of the prisoner's imposed term of imprisonment," the application of those FSA time credits toward supervised release is further conditioned on a prisoner having maintained "a minimum or low risk to recidivate" as assessed by the BOP pursuant to the prisoner's last reassessment. 18 U.S.C. § 3624(g)(1)(D)(ii).

2023 WL 6910771, at *3. Thus, Petitioner does not have a liberty interest in earning or applying FSA time credits.

The Court finds the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D) to be reasonable and permissible. Notably, the BOP's interpretation of § 3632(d)(4)(D) is not only reasonable, but it appears to be an interpretation based on the BOP's other statutory obligations. Title 18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Courts have consistently held that the BOP's application of incentives reducing the length of a prisoner's term of imprisonment, the BOP's overall calculation of a prisoner's sentence, and the BOP's implementation of the FSA are administrative functions of the BOP subject to § 3584(c). See, e.g., Sok, 2022 WL 17156797, at *5 (collecting cases); Silva v. Warden, No. 22-cv-629 (WFJ/PRL), 2024 WL 98212, at *2 (M.D. Fla. Jan. 9, 2024); Rose v. Yates, No. 22-cv-214 (BSM/PSH), 2023 WL 3198298, at *2–3 (E.D. Ark. May 2, 2023), report and recommendation adopted, 2023 WL 3601186 (E.D. Ark. May 23, 2023); Ledford v. Lemaster, No. 23-cv-30 (DLB), 2023 WL 2905376, at *2–3 (E.D. Ky. Mar. 28, 2023); Huerta v. Cordova, No. 23-cv-677, 2023 WL 8627542, at *3–4 (N.D. Tex. Dec. 13, 2023); Dahda v. Hudson, No. 23-cv-3008 (JWL), 2023 WL 2815920, at *2 (D. Kan. Mar. 7, 2023); Giovinco v. Pullen, No. 3:22-cv-1515 (VAB), 2023 WL 1928108, at *2 (D. Conn. Feb. 10, 2023); Frommie, 2022 WL 18399537, at *4. Thus, the BOP's aggregation of Petitioner's sentences is not only a reasonable and permissible interpretation of § 3632(d)(4)(D), but said aggregation is, in fact, required pursuant to the BOP's obligation to comply with the statutory mandate of Congress in § 3584(c). If the BOP or this Court were to accept Petitioner's argument and treat his sentences as

11

separate, distinct, and serial sentences it would violate the unambiguous, statutory mandate of § 3584(c).

In summation and for all the reasons discussed above, the Court finds 18 U.S.C. § 3632(d)(4)(D) to be ambiguous, but the Court further concludes that the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D) is reasonable and permissible. Accordingly, the Court must defer to the BOP's interpretation of 18 U.S.C. § 3632(d)(4)(D). See, e.g., Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842–43 (1984).

Pursuant to the BOP's interpretation of § 3632(d)(4)(D), Petitioner, for the purposes of determining his eligibility to earn time credits under the First Step Act, is presently serving an aggregate sentence based upon convictions for possession of a firearm by a felon and a person convicted of domestic violence in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2); distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C); and using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Because Petitioner's aggregate sentence includes a sentence predicated on a violation of 18 U.S.C. § 924(c) he is ineligible to earn time credits under the First Step Act. Thus, Petitioner is not entitled to the relief sought in the present Petition.

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Petitioner's Motion to Supplement Reply Brief, [Docket No. 19], is **GRANTED**.

Furthermore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Robert Clinkenbeard's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED**; and

2. The present action be **DISMISSED with prejudice**.


Dated: June 20, 2024                                    s/ Leo I. Brisbois
                                                        Hon. Leo I. Brisbois
                                                        U.S. MAGISTRATE JUDGE


**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).