UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROBERT CLINKENBEARD,

                                                Civil No. 23-3151 (JRT/LIB)

              Petitioner,

v.

MARK KING, *Warden*,               **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**

              Respondent.

---

Robert Clinkenbeard, Reg. No. 17633-029, Sandstone Federal Correctional Institution, PO Box 1000, Sandstone, MN 55072, *pro se* Petitioner.

Ana H. Voss and Emily M. Peterson, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Robert Clinkenbeard is serving a 97-month sentence at the Federal Correctional Institution in Sandstone, Minnesota after pleading guilty to possession of a firearm by a felon and a person convicted of domestic violence, distribution of a controlled substance, and use of a firearm during and in relation to a drug trafficking crime.  Clinkenbeard filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' implementation of the First Step Act. Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") recommending the Petition be denied and this action be dismissed with prejudice. Clinkenbeard objected to the R&R and argued against its findings.  After de novo review,

the Court finds that Clinkenbeard's Petition should be denied, so it will overrule his objections, adopt the R&R, and dismiss this action with prejudice.

## BACKGROUND

### I. FACTS

On October 10, 2018, Clinkenbeard pled guilty to one count of possession of a firearm by a felon and a person convicted of domestic violence in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2) ("Count 1"); one count of distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("Count 4"); and one count of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 5"). (Decl. Matthew Apple ("Apple Decl.") ¶ 3, Ex. A, Feb. 2, 2024, Docket No. 16.) For Counts 1 & 4, Clinkenbeard was sentenced to two 37-month terms of imprisonment to be served concurrently. (*Id.*) For Count 5, Clinkenbeard was sentenced to a 60-month term to be served consecutively with his 37-month term. (*Id.*) Clinkenbeard is serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota under the custody of the Bureau of Prisons ("BOP"). (*Id.* ¶¶ 1–3.) For administrative purposes, the BOP aggregated Clinkenbeard's three terms of imprisonment into one 97-month term of imprisonment. (*Id.* ¶ 4.)

Under the First Step Act ("FSA"), qualified federal inmates who complete "evidence-based recidivism reduction programming or productive activities" are eligible to earn "time credits" that will be applied towards time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4). However, inmates serving sentences for

certain crimes are ineligible to earn time credits. *Id.* BOP, through periodic "Time Credit Assessments," has consistently determined that Clinkenbeard is ineligible to earn time credits under the FSA due to his § 924(c) conviction. (Apple Decl. ¶ 5, Ex. C.)

## II.   PROCEDURAL HISTORY

On October 11, 2023, Clinkenbeard filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that the BOP improperly barred him from earning time credits while in prison. (Pet. for Writ of Habeas Corpus at 6–7, Oct. 11, 2023, Docket No. 1.) Sandstone Warden Mark King responded, defending the BOP's interpretation of the First Step Act that excludes Clinkenbeard from earning time credits. (Resp. to Pet. for Writ of Habeas Corpus, Feb. 2, 2024, Docket No. 15.)

The Magistrate Judge issued an R&R recommending Clinkenbeard's Petition be denied and this action be dismissed with prejudice. (R. & R. at 12–13, June 20, 2024, Docket No. 30.) Clinkenbeard timely objected to the R&R and later supplemented those objections. (Obj. to R. & R., July 15, 2024, Docket No. 34; Suppl. of Objs., Aug. 15, 2024, Docket No. 40.)

## DISCUSSION

## I.   STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*,

No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing a properly objected to portion of an R&R, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98. F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**II.   ANALYSIS**

Congress passed the sweeping criminal justice reform legislation known as the First Step Act to decrease the federal inmate population, reduce recidivism, and improve prison conditions. 18 U.S.C. § 3631 *et seq*. The FSA allows certain inmates to earn "time credits" to reduce their sentences and leave prison early. 18 U.S.C. § 3632(d)(4).

However, a "prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction" for certain crimes, 18 U.S.C. § 3632(d)(4)(D), including crimes under "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime," 18 U.S.C. § 3632(d)(4)(D)(xxii). To work out the details of this legislation, the FSA explicitly gave the Attorney General and the Director of the Bureau of Prisons the authority to develop a risk and needs assessment system, as well as additional policies for distribution and reduction of time credits for eligible prisoners. 18 U.S.C. § 3632(a), (d)(3), (d)(A)(4)(ii), (e).

The question in this case is whether Clinkenbeard is currently "serving a sentence for a conviction" of an ineligible crime. 18 U.S.C. § 3632(d)(4)(D). Clinkenbeard argues he is not. Though he concedes he committed a crime that would make him ineligible, he argues that he completed the first 60-month phase of his sentence that made him ineligible and has now entered the 37-month phase of his sentence for a crime he argues is eligible. The United States and the Bureau of Prisons disagree. They argue instead that when a person is convicted of multiple crimes—some independently eligible for time credits and some not—the phrase "serving a sentence for a conviction" of an ineligible crime renders the prisoner ineligible for time credits for the full length of the sentence.

Based on a plain reading of the statute, some deference to the relevant agency's interpretation, the legislative history of the First Step Act, and persuasive authority from other district courts, the Court agrees with the Government.

### A.   Statutory Language

The Court begins with the text of the statute. *King v. Burwell*, 576 U.S. 473, 486 (2015). Under the First Step Act, a "prisoner is ineligible to receive time credits . . . if the prisoner is **serving a sentence for a conviction** under any of the following provisions of law," 18 U.S.C. § 3632(d)(4)(D) (emphasis added), including "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime," 18 U.S.C. § 3632(d)(4)(D)(xxii). As to whether "a sentence for a conviction" could be broken into eligible and ineligible segments for time credit eligibility, the Magistrate Judge found this language to be ambiguous. Perhaps that is so.[1] But while § 3632(d)(4)(D) may be ambiguous on its own, that portion of the statute does not exist in a vacuum.

First, in a different part of the First Step Act itself, Congress seems to have envisioned the implementation would rely on prisoners serving a single, indivisible sentence. *See* 18 U.S.C. § 3634(3) (requiring the Attorney General to issue a report on the recidivism of individuals who have been released from federal prison based on several criteria, including the "length of **the sentence** imposed and served" and the "Bureau of

---

[1] *But see Frommie v. Fed. Bureau of Prisons*, No. 4:22-04082, 2022 WL 18399537, at *3 (D.S.D. Aug. 23, 2022), *report and recommendation adopted*, No. 22-4082, 2022 WL 18399536 (D.S.D. Nov. 30, 2022) (suggesting this language is not ambiguous because "[w]hen a defendant is sentenced, whether for one conviction or two or more, one speaks of the 'sentence' he received").

-6-

Prisons facility or facilities in which the prisoner's **sentence** was served" (emphasis on the singularity of the word added)).

But more importantly, elsewhere in the United States Code, 18 U.S.C. § 3584(c) has an additional, broader mandate for the BOP: "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. 3584(c). In other words, when deciding whether a person is eligible to earn time credits, the BOP must treat consecutive and concurrent segments of a sentence as a single, aggregate sentence.[2]

Because the plain meaning of 18 U.S.C. § 3584(c) mandates that the BOP aggregate prisoners' sentences for First Step Act purposes, the Court finds that Clinkenbeard is ineligible to earn good time credits. Still, even if that meaning were not so plain, other tools of statutory interpretation point the Court to the same conclusion.

### B. *Loper Bright* Deference

The Bureau of Prisons has interpreted the First Step Act as making prisoners like Clinkenbeard ineligible for time credits. The question is how much deference that interpretation is due.

---

[2] Though Clinkenbeard takes issue with characterizing the calculation of time credits as an "administrative" purpose, the Court finds such tasks are precisely the kind of duties that would fall within that moniker. *Accord Frommie*, 2022 WL 18399537, at *4 ("Deciding whether a prisoner is ineligible to receive FSA credits is an 'administrative' decision."); *see also* 18 U.S.C. § 3632(f) (describing BOP's role as "administering" the overall First Step Act system).

In agreeing with the BOP's interpretation, the R&R relied heavily on so-called *Chevron* deference, which previously instructed courts to defer to reasonable agency interpretations of statutes. *Chevron v. Nat. Res. Def. Council*, 467 U.S. 837, 842–43 (1984). But as Clinkenbeard rightly notes in his objection to the R&R, that landmark case has since been overturned. *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024).

Now, under *Loper Bright*, a court may no longer defer completely to an agency's interpretation of the law simply because a statute is ambiguous. *Id.* at 2273. But an agency's interpretation of a statute within its purview is still vitally important persuasive authority. *See id.* at 2262 ("[C]ourts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes."). Agencies are often tasked with wading into the everyday minutia of implementing complex federal regulatory regimes, and their interpretations of those regimes "constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). And even post-*Loper Bright*, courts should still defer to an agency's interpretation when a statute expressly delegates interpretive authority to an agency or when the statute allows the agency to "fill up the details of a statutory scheme." *Id.* at 2263 (citation and internal quotations omitted).

Here, the Attorney General and the Bureau of Prisons are entrusted with sole authority to compute federal sentences. 28 C.F.R. § 0.96; *United States v. Moore*, 978

F.2d 1029, 1031 (8th Cir. 1992).  The First Step Act also expressly delegates at least some authority to the Attorney General and the Bureau of Prisons to fill up the details of the time credit system.  18 U.S.C. § 3632(a), (a)(6) (directing the Attorney General to develop a "risk and needs assessment system" that, among other things, will "determine when to provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities"); 18 U.S.C. § 3632(d)(4)(A)(ii) (giving further discretion to the Bureau of Prisons to dole out additional time credits to prisoners it deems are at lower risks of recidivating); *see also Mero v. Yates*, No. 2:22-72, 2022 WL 17653228, at *5 (E.D. Ark. Sept. 27, 2022) ("The earned time credit program is new and multifaceted, and the authority to implement the program and calculate an inmate's time credits is delegated to the BOP, not the federal courts.").

Though the Court does not rely exclusively on the BOP's interpretation of the statute to preclude prisoners like Clinkenbeard from becoming eligible for time credits, the Court nevertheless takes note of the BOP's experience with implementing the First Step Act and finds that its interpretation is a more accurate reading of Congress's intent.

C.   **Legislative History**

The legislative history also makes clear that Congress was worried about excluding classes of prisoners based on the crimes they committed, not gaming out which particular segment of the sentence they were serving.  In a floor speech, Senator Dick Durbin helped reassure his colleagues that the time credit system would not lead to certain kinds of dangerous criminals leaving prison early—noting the time credits would only be offered

to prisoners "unless they commit one of the crimes that make them ineligible." 164 Cong. Rec. S7740-02, S7744. "More than a third of the bill," he went on, "is filled with a list of over 60 different Federal crimes, and we say: If you committed this crime, you are not eligible as a Federal prisoner for the rehabilitation program in this bill." *Id.* at S7743. Having scoured the First Step Act's Congressional record, the Court can find no language that implies Congress meant to bifurcate prison sentences into eligible and noneligible segments. Instead, the evidence is strong that Congress added the eligibility language as a compromise to ensure that if a prisoner had committed certain crimes, the general public would not be at risk of them leaving prison early.

Clinkenbeard committed at least one of the crimes Congress thought should make him ineligible; the legislative history of the First Step Act suggests that makes him ineligible for early release.

### D.    Persuasive Case Law

Other courts that have considered this issue have agreed with the Court's conclusion here.

In *Sok v. Eischen*, a prisoner pled guilty to two separate sets of crimes as part of two separate judgments. No. 22-458, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *report and recommendation adopted*, No. 22-458, 2022 WL 17128929 (D. Minn. Nov. 22, 2022), *aff'd*, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023). Nevertheless, the court later imposed consecutive sentences for both groups of convictions on the same day. *Id.* Even then, the *Sok* court found that the single aggregated sentence must be

considered wholly eligible or wholly ineligible for earning time credits. The Eighth Circuit, in a short opinion affirming the decision, relied on the same statutory language of 18 U.S.C. § 3584(c) discussed above—finding that the BOP was bound to treat multiple terms of imprisonment as a single, aggregate term of imprisonment and thus deny the prisoner's eligibility for time credit accrual. *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023); *accord Frommie v. Fed. Bureau of Prisons*, No. 4:22-04082, 2022 WL 18399537 (D.S.D. Aug. 23, 2022). Of course, *Sok* was decided before *Loper Bright*. However, even stripping out the order's *Chevron* analysis, that court—and the Eighth Circuit—still determined that it was 18 U.S.C. § 3584(c) that conclusively forced BOP's hand.

And even after the *Loper Bright* decision, district courts have continued to agree with *Sok*'s assessment that the BOP's interpretation is both "reasonable and required" by statute. *Hargrove v. Healy*, No. 4:23-1857, 2024 WL 3992261, at *5 (N.D. Ohio Aug. 28, 2024) (citing *Sok*, 2022 WL 17156797, at *6). To the Court's knowledge, not a single district court has held otherwise.

Though not binding, the persuasive authority of other courts on this issue points in the same direction as the plain language, agency interpretation, and legislative history: prisoners who are serving an aggregate sentence made up of eligible and ineligible convictions are ineligible to earn good time credits under the First Step Act.

**CONCLUSION**

The Magistrate Judge concluded that Clinkenbeard is ineligible to earn good time credits because at least one of his convictions fell on the First Step Act's enumerated list of ineligible crimes. Based on the plain language of the statutes, agency interpretations, legislative history, and persuasive authority of other courts, the Court agrees with the Magistrate Judge's conclusion and will adopt his recommendation. Clinkenbeard is ineligible to accrue good time credits for the balance of his aggregated term of imprisonment. Accordingly, the Court will deny Clinkenbeard's Petition for Writ of Habeas Corpus and dismiss this action with prejudice.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to the Report and Recommendation [Docket No. 34] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 30] is **ADOPTED**;

3. Petitioner's Writ of Habeas Corpus [Docket No. 1] is **DENIED**; and

4. This action is **DISMISSED WITH PREJUDICE**.

-13-

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 30, 2024
at Minneapolis, Minnesota.

*s/ John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge